Case 6:22-cv-00020   Document 13   Filed on 07/27/22 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
July 27, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOSE LUIS FALCON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:22-CV-00020 |
| | § | |
| VICTORIA COUNTY DISTRICT ATTORNEY, *et al.*, | § § § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
# TO DISMISS ACTION

Plaintiff Jose Luis Falcon is a Texas inmate appearing *pro se* and *in forma pauperis*. Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, attempting to raise claims against state court prosecutors and a state judge in connection with Plaintiff's pending criminal case in Victoria County, Texas. Plaintiff's case is subject to screening in accordance with the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends Plaintiff's complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because Plaintiff seeks monetary relief from defendants who are immune from such relief and because his claims are frivolous and/or failure to state a claim on which relief may be

granted. The undersigned recommends further that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND

Plaintiff Jose Luis Falcon is a Texas inmate currently incarcerated at the Denton County Jail. On May 23, 2022, this Court received Plaintiff's two page handwritten letter wherein he stated he is seeking relief under 42 U.S.C. § 1983. (D.E. 1). On June 28, 2022, the undersigned granted Plaintiff's application to proceed *in forma pauperis*. (D.E. 8). By separate order on June 28, 2022, the undersigned ordered Plaintiff to complete and return an inmate § 1983 form. (D.E. 9). In this order, Plaintiff was given instructions regarding completing the 1983 form, advised that his claims are unclear, and that his case is subject to dismissal for non-compliance. (D.E. 9). On July 18, 2022, the Court received Plaintiff's Amended Complaint. (D.E. 10).

## III. PLAINTIFF'S ALLEGATIONS

In Plaintiff's initial letter pleading (D.E. 1), he states that he is an inmate at the Denton County Jail. He further states that he is "seeking relief under the Section 1983

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

2 / 11

Prisoner Civil Rights suit with my right to Due Process being denied by Victoria County, Texas, District Attorney and Victoria County Judge Eli Garza." (D.E. 1).  Plaintiff alleges he was previously convicted in Victoria County of engaging in organized criminal activity and that he received three years' probation.  A motion to revoke was filed before his probation expired while Plaintiff was an inmate in the Denton County Jail on unrelated charges.  The instant case involves Plaintiff's criminal probation revocation proceedings in Victoria, Texas.  Plaintiff alleges his constitutional rights are being violated by being denied his right to confront his accusers, being denied due process, and being denied a fair and reasonable bond.  (D.E. 1).

In Plaintiff's Amended Complaint, he names as Defendants Victoria County District Attorney Constance Filly Johnson and Victoria County Assistant District Attorney Andrea Harvey. (D.E. 10).  Plaintiff does not name Judge Eli Garza in his Amended Complaint, however, the undersigned will address Plaintiff's claims against Judge Garza.  Plaintiff alleges he is being denied due process and is further being denied his Eighth Amendment right to be released on bail.  Plaintiff complains about the delays in the Victoria County criminal proceedings.  He further complains that a detainer in connection with the Victoria case has made it impossible to be released on bond for the pending criminal case in Denton County. (D.E. 10).  Plaintiff asks this Court to order to order the defendants to take action on his criminal case in a timely manner or to order Plaintiff released from confinement.

## IV. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

A complaint is deficient and is subject to summary dismissal under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324

(5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

V.   ANALYSIS

A. Failure to State a Claim

Viewing Plaintiff's complaint in the light most favorable to him and construing his pleadings leniently, he alleges that the Victoria County probation revocation proceedings are being mishandled in a way that prejudices him. He alleges the proceedings are taking too long to be resolved, that he has been unfairly denied bond, and that he has not yet had an opportunity to confront his accusers. Plaintiff alleges that the defendants have not been responsive to his letters or motions. Plaintiff is represented by attorney Cash Connelly in the probation revocation proceedings in Victoria, Texas. (D.E. 1).

As an initial matter, the undersigned notes that because Plaintiff is represented by counsel, it would be inappropriate for the prosecutors to communicate directly with him rather than through his attorney. Tex. Disciplinary R. Prof'l Conduct 4.02(a). Additionally, judges rule on motions and typically do not respond to off the record *ex parte* communications with litigants, including criminal defendants. The failure of the prosecutors and judge to respond to Plaintiff's letters and *pro se* motions do not state a claim for which relief can be granted.

Plaintiff seeks an order from this Court directing the state court to take action on Plaintiff's criminal case. However, a federal court should not interfere with pending state court criminal proceedings but must abstain from enjoining such proceedings absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Abstention in favor of state court proceedings is proper where there exists: (1) an

ongoing state judicial proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996). All three factors are present in this case. Plaintiff's criminal case is pending in Victoria, Texas. The State of Texas has an important interest in supervising offenders on probation. Further, Plaintiff is represented by counsel in the criminal proceedings. The fact that Plaintiff is represented by counsel provides the undersigned good reason to find that his rights are being protected and that he is not being neglected.

Further, Plaintiff's allegations that his rights to a speedy trial or his right to confront witnesses under the Sixth Amendment have been violated, would undermine the validity of the criminal proceedings if he were to prevail. Therefore, those claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Koger v. Florida*, 130 F. App'x 327, 333 (11th Cir. 2005) (affirming district court's dismissal of § 1983 action wherein Plaintiff sought monetary and injunctive relief for alleged speedy trial and other violations in connection with Plaintiff's criminal proceedings).

Finally, Plaintiff's claims that his rights are being violated in the criminal proceedings in Victoria, Texas are subject to dismissal because his claims are speculative and conclusory. *West v. Atkins,* 487 U.S. 42, 48 (1988). Plaintiff's allegations are not merely speculative, he simply has not alleged that any defendant did anything to deprive him of a right secured by the Constitution or laws of the United States. When bail is set

higher than an amount reasonably calculated to ensure the defendant's presence at trial, the bail is "excessive" under the Eighth Amendment. *Broussard v. Par. of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003). However, a conclusory or otherwise unsupported claim of excessive bail, however, is insufficient to make this showing. *Fields v. Sheriff's Off. Avoyelles Par.*, No. 1:21-CV-00195, 2021 WL 2372380, at *3 (W.D. La. May 21, 2021).

Plaintiff's allegations are mere threadbare recitals of constitutional principles, and therefore his claims should be dismissed for failing to state a claim. *Ashcroft*, 556 U.S. at 678.

### B. Judicial and Prosecutorial Immunity

Plaintiff has not raised a claim for money damages against the state prosecutors or Judge Garza. He is clearly asking for injunctive relief. However, to the extent Plaintiff's claims could be construed as seeking monetary damages, those claims are subject to dismissal because the prosecutors and judge are immune.

Judge Garza is entitled to absolute judicial immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985) (noting that "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action"). Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in exercise of their judicial functions. *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993). The alleged magnitude of the judge's alleged errors or the mendacity of his acts is irrelevant. *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991). Judicial immunity can be overcome only by showing that the actions complained of were non-

judicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). A judge's actions are judicial in nature if they are "normally performed by a judge" and the parties affected "dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 11 (internal quotation omitted).

Plaintiff has sued Ms. Johnson Odell, the Victoria County District Attorney and Assistant District Attorney Ms. Harvey. However, criminal prosecutors also enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the State's case. *Graves*, 1 F.3d at 318. The Supreme Court has also noted:

> [A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings, or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial....

*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Graves*, 1 F.3d at 318. This broad immunity applies even if the prosecutor is accused of knowingly using perjured testimony. *Id.* at 318, n.9; *see also Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991) (concluding that state prosecutors were absolutely immune from a § 1983 action predicated on malicious prosecution); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.").

Plaintiff has failed to allege that Judge Garza or the state court prosecutors did anything outside their judicial or prosecutorial roles. Plaintiff, who has been given an opportunity to amend his pleading, has failed to allege any facts that would indicate these defendants have done anything wrong. These defendants are immune from monetary damages. Therefore, the undersigned recommends that, to the extent Plaintiff is seeking monetary damages, those claims be dismissed.

## VI.   RECOMMENDATION

For the reasons stated above, it is respectfully recommended that Plaintiff's alleged constitutional claims against the named defendants be dismissed with prejudice for failure to state a claim upon which relief can be granted and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). It is further respectfully recommended that this dismissal be counted as a "strike" for frivolous filing as described by 28 U.S.C. § 1915(g).

Respectfully submitted on July 27, 2022.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).